| | |
|---|---|
| BTA Lawgroup PLLC | Honorable Marc Barreca |
| 31811 Pacific Highway South | Chapter 7 |
| Suite B-101 | Hearing Location: Seattle Courthouse |
| Federal Way, WA 98003 | Hearing Date: October 25, 2013 |
| (253) 444-5660 | Hearing Time: 9:30 a.m. |
| (253) 444-5659 (Fax) | Response Date: October 18, 2013 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: Russell Earl Burns and Suzanne Kathryn Burns, <br><br> Debtors. | CHAPTER 7 PROCEEDINGS <br><br> NO. **11-17769-MLB** <br><br> **DEBTOR'S NOTICE AND MOTION TO REOPEN CASE TO HEAR A CONTEMPT MOTION PURSUANT TO 11 USC §524(a)** |

TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARC BARRECA
TO: BOEING EMPLOYEE'S CREDIT UNION;
AND TO: CLERK OF THE UNITED STATES BANKRUPTCY COURT, EDMUND J. WOOD, CHAPTER 7 TRUSTEE, AND ALL INTERESTED CREDITORS.

**NOTICE OF MOTION AND HEARING**

PLEASE TAKE NOTICE that defendants' motion to re-open the above captioned case is set for hearing as follows:

| | |
|---|---|
| Honorable Marc Barreca: | **Time:** 9:30 a.m. |
| United States Courthouse | |
| 700 Stewart Street, Courtroom 7106 | **Date:** October 25, 2013 |

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel. (253) 444-5660 Fax. (253) 444-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 1 of 7

Seattle, WA 98101

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the Bankruptcy Court and deliver copies to the undersigned and all interested parties, including the Chapter 7 Trustee, NOT LATER THAN THE RESPONSE DATE, which is October 18, 2013. If you file a response you are also required to appear at the hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Dated: September 6, 2013.

          Moving Party,
          BTA Lawgroup, PLLC

          /s/ N. Brian Hallaq
          N. Brian Hallaq, WSBA #29621
          Attorney for Debtors

          /s/ Jan Gossing
          Jan Gossing, WSBA #31559
          Attorney for Debtors

## MOTION

The debtor in this case hereby requests an order reopening the Bankruptcy case pursuant to 11 U.S.C. §350(b) and F.R.B.P. 5010 to file and hear a motion for contempt pursuant to 11 USC §524(a).

## STATEMENT OF THE FACTS

Facts related to the debtors' Bankruptcy case.

The debtor in this case filed for Chapter 7 Bankruptcy relief on June 29, 2011. The debtors' schedules contained two entries for Boeing Employee's Credit Union (*hereinafter* "BECU") on Schedule F:

BECU Recovery Department          Boeing Employees Credit Union

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel: (253) 441-5660 Fax: (253) 441-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 2 of 7

PO Box 97050, MS 1049-1   12770 Gateway Dr.
Seattle, WA 98124-9750    Tukwila, WA 98168

The debtors' §341 hearing was originally scheduled for August 4, 2011, and then continued to August 18, 2011. BECU sent a representative to both §341 hearings. The Chapter 7 Bankruptcy Trustee, Edmund Wood issued a report of no distribution on August 25, 2011. The deadline for filing an action for non-dischargeability was October 3, 2011. No adversary action was filed. The debtors received their discharge on October 6, 2011.

Facts related to the underlying debt.

Russell and Suzanne Burns formerly owned real property located at 9440 171st Ave. N.E., Redmond, Washington 98052. There were two mortgages (i.e. deeds of trust) recorded against the property (Wells Fargo and BECU respectively). The Burns were unable to service their mortgages, and the first mortgage (Wells Fargo) performed a non-judicial foreclosure on August 20, 2010.

Funds in excess of those necessary to satisfy the balance on the first mortgage (Wells Fargo) were received by the trustee who performed the non-judicial foreclosure, and were deposited in the registry of the King County Superior Court.

Claimants to 'surplus funds' may seek disbursal of those funds pursuant to RCW 61.24.080(3). Any lienholder, as well as the former owners of the property, are considered proper claimants. A hearing is held in the Superior Court to determine the priority of the claimants. The priority of claimants is determined in accordance with their relative priority to the property as they had existed prior to the foreclosure.

Normally, a consensual lienholder (such as a mortgage) trumps the homeowner in priority to the surplus funds. RCW 61.24.080(3). Furthermore, normally a homeowner (pursuant to their homestead exemption) trumps the interests of judgment lien creditors to the extent of Washington's homestead act (i.e. all funds up to $125,000.00).

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel. (253) 444-5660 Fax. (253) 444-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 3 of 7

In this case, the claim of BECU was not conventional. On October 24, 2005, the Burns' obtained a loan for $85,000.00 from Boeing Employees Credit Union ("BECU"). The loan was secured by a deed of trust, which was recorded on November 3, 2005 under recording number 20051103000575, thus becoming a "2nd mortgage" or junior consensual lienholder.

On December 5, 2008, BECU recorded a notice of trustee sale with respect to their junior deed of trust. On April 14, 2009, BECU changed its mind about foreclosing and elected to file a lawsuit against the Burns' on the promissory dated October 24, 2005 under King County case number 09-2-15744-8. On the same day, BECU obtained a default judgment against the Burns'. On July 22, 2009, three months after filing the lawsuit and obtaining a default judgment, BECU recorded a notice of discontinuance of trustee sale. All this took place *prior to* the Wells Fargo non-judicial forclosure.

The issue, therefore, became, what interest did BECU have on August 20, 2010, when Wells Fargo performed their non-judicial foreclosure.

The Burns took the position that BECU had made an 'election of remedies.' That is to say, that BECU had a consensual lien on the property which was linked to the promissory note, but when BECU chose to sue on the promissory note and convert it to an ordinary civil judgment, it elected to remove its consensual lienholder status in favor of having judgment lienholder status.

The Burns' position is supported by the fact that generally speaking a deed of trust cannot exist without a corresponding promissory note (i.e. when the note was converted to a judgment, the deed of trust was extinguished), and it is not possible for the same creditor to have multiple liens in the same property based upon the same debt (i.e. either BECU was a mortgage holder or a judgment creditor, but they could not be both based upon the doctrine of merger).

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel: (253) 444-5669 Fax: (253) 444-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 4 of 7

1       On October 7, 2009, BECU obtained a writ of garnishment against the Burns' and began collecting on their judgment. On October 25, 2010, BECU moved for disbursement of the surplus funds deposited by the foreclosing trustee in August 2010, relying on their 2005 deed of trust, rather than their newer lien (judgment lien). The Burns also moved for disbursal of the funds and a hearing was held on November 16, 2010.

      At the trial court level, the Court Commissioner found that BECU's consensual lien merged into their newer lien as a result of BECU's election of remedies, and awarded the balance of surplus funds to the Burns. BECU filed a motion for revision on November 24, 2010, which was denied. BECU then filed an appeal on December 15, 2010.

      BECU did not file a supersedeas bond. BECU did not file any motion enjoining the disbursement of the funds to the Burns.

      Between December and June 2011 the Burns used the funds obtained from the King County Superior Court action to live on. A portion of the fees were also paid to the Burns' attorneys for their legal services. By June, 2011 the Burns had exhausted the funds and were insolvent. The Burns filed for Chapter 7 Bankruptcy relief on June 29, 2011.

      BECU, as the appealing party, felt that the issue of law as significant enough to pursue. On September 2, 2011, counsel for the debtors agreed to a stipulated motion for relief from stay for the sole purpose of resolving the legal issue in the appeal. There was no agreement to reinstate any prepetition debt. BECU was a pre-petition creditor. Any equitable claim that it had to the surplus funds was also pre-petition. In fact, counsel for BECU represented that they simply wanted the appeal to continue for the sole purpose of addressing an issue of law, and that they had no interest in pursuing the Burns personally.

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel: (253) 444-5669 Fax: (253) 444-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 5 of 7

After the debtors' discharge, the Washington State Court of Appeals found that a mortgage holder could sue, obtain a civil judgment, collect on that judgment, while maintaining its original consensual lien on real property (mortgage), despite the fact that the promissory note had been extinguished by the civil suit.

On January 10, 2013, BECU moved the King County Superior Court to issue a judgment against the debtors, Russell and Suzanne Burns, which was entered on February 7, 2013. This judgment relates solely to claims that arose before the filing of the Burns' Chapter 7 Bankruptcy case. BECU has made threat to pursue the Burns and their counsel if the funds disbursed at the trial court level are not disgorged, despite the fact that this claim was pre-petition, the debtors obtained a judgment, and that BECU elected to forego a supersedeas bond, as is the normal course of action in appeals.

## STATEMENT OF THE ISSUES

Whether an order, in the form proposed by the debtor to reopen their bankruptcy case to file and hear a motion for contempt pursuant to 11 USC §524(a) shall be entered.

## EVIDENCE RELIED UPON

1) All Pleadings and Files on record herein.

## AUTHORITY

11 USC §350(b) proves that:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

LBR 5010-1(a) provides in relevant part that:

> A motion to reopen a case shall state the purpose for the reopening and shall be noted for hearing in accordance with Local Bankruptcy Rule 9013-1, with notice to the case trustee and any affected parties. The notice shall state whether assets were administered in the case, whether a deadline was established for filing proofs of claim, and whether a trustee needs to be appointed.

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel. (253) 444-5660 Fax: (253) 444-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 6 of 7

The motion may be heard ex parte. *See*, In re Menk, 241 B.R. 896 (9th Cir. BAP 1999) (motion to reopen is a ministerial act with no independent legal significance).

**ARGUMENT**

The facts are clear in this case. BECU received notice of the debtors' Ch. 7 filing. BECU participated in two Section 341 hearings. BECU did not file a supersedeas bond. BECU did not file an adversary action objecting to dischargeability in this case. All of the acts, events, claims, debts, etc. existed pre-petition. At the time of the filing of the debtors' Bankruptcy case, they were the prevailing party to the underlying state court action and therefore they did nothing wrong.

Now BECU has obtained a civil judgment against them for a pre-petition debt. The debtors respectfully request that this court enter an order re-opening this case in order to allow the debtors file and hear a motion for contempt pursuant to 11 USC §524(a). Specifically re-opening this case is justified to accord relief to the debtors within the meaning of 11 USC §350(b).

No trustee needs to be appointed as the trustee in the above captioned case issued a report of no distribution on August 25, 2011, no assets were administered in this case, and no deadlines were established for filing proofs of claim.

**PROPOSED ORDER**

A proposed form of order accompanies this motion.

DATED this 6th day of September 2013.

BTA Lawgroup PLLC

/s/ N. Brian Hallaq
N. Brian Hallaq, WSBA#29621
Attorney for Debtors –
Russell Earl Burns and
Suzanne Kathryn Burns,

MOTION TO REOPEN CASE TO FILE
AND HEAR A MOTION FOR CONTEMPT

BTA Lawgroup PLLC
31811 Pacific Highway South, B-101
Federal Way, WA 98003
Tel: (253) 441-5660 Fax: (253) 441-5659

Case 11-17769-MLB    Doc 30    Filed 09/06/13    Ent. 09/06/13 16:17:20    Pg. 7 of 7